# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE LEE MANUEL, | CASE NO. 1:09-cv-00602-OWW-GSA PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE ANY CLAIMS UNDER SECTION 1983 |
| v. | |
| COUNSELOR T. SALGADO, et al., | (Doc. 6) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

I.  **Findings and Recommendations Following Screening of Complaint**

Plaintiff Lonnie Lee Manuel, a state prisoner in the custody of the California Department of Corrections and Rehabilitation (CDCR), is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 9, 2009.

A.  **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

### B. Plaintiff's Claims

#### 1. Summary of Allegations

Plaintiff is incarcerated at Avenal State Prison (ASP), and alleges claims against ASP Counselors T. Salgado and J. Handorf, and ASP Captain D. A. Clendaniel for denial of due process, deliberate indifference, defamation, and negligence, in violation of his constitutional rights.

Plaintiff's claims arise from the assignment of an R suffix, which denotes a history of sex offenses, to his central prison file. Plaintiff alleges that the R suffix was assigned because he was arrested for sexual crimes, but he was never prosecuted and DNA testing conducted at the time of his arrest proved he was not responsible. As a result of the imposition of the R suffix, Plaintiff is ineligible for Level I (minimum security) custody.

Plaintiff's exhibits establish that the R suffix was assigned on August 18, 2004, by an Institutional Classification Committee at Wasco State Prison. (Doc. 6, court record p. 21.) Plaintiff's claims against Defendants Salgado and Handorf arise from their failure to "acknowledge" a 2006 CDCR memorandum and a finding by the District Attorney's Office, and Plaintiff's claims against Defendant Clendaniel arise from his presence at Plaintiff's last classification hearing and his supervisory position over Salgado and Handorf. Plaintiff claims that Defendants should have removed the R suffix based on the memo and the District Attorney's letter but failed to do so.

Plaintiff submitted page eight of what he describes as a memo. The document is incomplete, and the page the Court has before it sets forth six factors classification committees should take into consideration when reviewing an inmate for the "'VIO' administrative determinant." (Doc. 1, court

record p. 11.) An inmate found guilty in a prison disciplinary proceeding of a Division A-1 or A-2 offense that is equivalent to a Penal Code section 667.5(c) offense shall be reviewed for the "VIO" administrative determinant.[1] (Id.) Plaintiff fails to clearly allege if or how these six factors apply in his situation, but in that Plaintiff was sentenced to prison in 2002, Plaintiff may have been found guilty of a charge in a prison disciplinary hearing and thereafter reviewed for the assignment of an R suffix. (Doc. 1, court record p. 20.)

The second document referenced, the District Attorney's "finding" described by Plaintiff, is a letter, dated September 24, 2008, in which Plaintiff is informed that there are no open cases against Plaintiff, sent in response to Plaintiff's Penal Code section 1381 demand.[2] (Id., p. 12.)

Plaintiff's contention is that Defendants' awareness of these two documents should have caused them to grant his request to remove the R suffix from his file, and that their failure to do so violated his right to due process, and constituted deliberate indifference, defamation, and negligence.

### 2. Due Process Claim

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Id. Liberty interests may arise from the Due Process Clause itself or from state law. Id. The Due Process Clause itself does not confer on inmates a liberty interest in a particular classification status. See Moody v. Daggett, 429 U.S. 78, 88, n.9 (1976). Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

---

[1] Section 667.5 enumerates what constitute violent felonies for purposes of prison term enhancement for new offenses.

[2] Section 1381 allows a convicted defendant to demand to be tried or sentenced within ninety days on any pending criminal matters.

3

1    Under certain circumstances, labeling a prisoner with a particular classification may implicate a liberty interest subject to the protections of due process. Neal v. Shimoda, 131 F.3d 818, 827 (9th Cir. 1997) ("[T]he stigmatizing consequences of the attachment of the 'sex offender' label coupled with the subjection of the targeted inmate to a mandatory treatment program whose successful completion is a precondition for parole eligibility create the kind of deprivations of liberty that require procedural protections."). However, Plaintiff has alleged no facts that establish the existence of a liberty interest with respect to the assignment of the "R" suffix designation. The assignment of an "R" suffix and the resulting ineligibility for Level I custody does not "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484; Neal at 830; Cooper v. Garcia, 55 F.Supp.2d 1090, 1101 (S.D. Cal. 1999); Johnson v. Gomez, No. C95-20717 RMW, 1996 WL 107275, at *2-5 (N.D. Cal. 1996); Brooks v. McGrath, No. C 95-3390 SI, 1995 WL 733675, at *1-2 (N.D. Cal. 1995). Accordingly, the Court finds that Plaintiff's allegations fail to state a claim for relief under section 1983 for violation of the Due Process Clause.

Further, under section 1983, Plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Additionally, there is no respondeat superior liability under section 1983, and therefore, each defendant is only liable for his own misconduct. Iqbal at 1948-49.

Assuming the assignment of an R suffix triggers the protections of the Due Process Clause in some circumstances, Plaintiff's claim accrued in 2004 when the classification committee at Wasco State Prison made the decision to assign the suffix. The defendants named in this action were not involved in that decision. At most, they failed to remove the suffix when requested to do so by Plaintiff, which does not support a claim based on the assignment of an R suffix without due process of law. Plaintiff's complaint to them about the imposition of the R suffix, and his request that it be removed do not trigger anew entitlement to procedural process.

### 3. Deliberate Indifference

Plaintiff alleges Defendants were "deliberately indifferent." (Comp., court record p. 3.) Deliberate indifference is not a legal claim but a legal test for certain types of claims brought under the Eighth Amendment. In this context, an Eighth Amendment claim would be premised on the theory that in failing to remove the R suffix, Defendants acted with deliberate indifference to a substantial risk of harm to Plaintiff. See e.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). Plaintiff's allegations do not support a viable Eighth Amendment claim against Defendants.

### 4. Defamation Claim

Plaintiff alleges that Defendants defamed his character and reputation. "[R]eputational harm alone does not suffice for a constitutional claim." Miller v. California, 355 F.3d 1172, 1178 (9th Cir. 2004) (citing Paul v. Davis, 424 U.S. 693, 702 (1976)). Therefore, Plaintiff's claim that Defendants' failure to remove the R suffix caused him to suffer from defamation fails as a matter of law.

### 5. Negligence

Finally, Plaintiff alleges negligence. However, negligence violates neither the Eighth Amendment, Farmer, 511 U.S. at 835; Frost, 152 F.3d at 1128, nor the Due Process Clause, Daniels v. Williams, 474 U.S. 327, 333-34 (1986); Maddox v. City of Los Angeles, 792 F.2d 1408, 1413 (9th Cir. 1986), and Plaintiff's claim that Defendants were negligent in failing to remove the R suffix does not state a claim under section 1983. Plaintiff's allegations are also insufficient to state a claim for negligence under California law, Ileto v. Glock Inc., 349 F.3d 1191, 1203 (9th Cir. 2003), but regardless, Plaintiff is precluded from pursuing state law claims absent the presence of a viable

///

federal claim, 28 U.S.C. § 1367(a); <u>Herman Family Revocable Trust v. Teddy Bear</u>, 254 F.3d 802, 805 (9th Cir. 2001).

### C. **Conclusion and Recommendation**

Plaintiff's complaint fails to state any claims upon which relief may be granted under section 1983.  The Court finds that the deficiencies are not capable of being cured in an amended complaint, <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987), and HEREBY RECOMMENDS dismissal of this action, with prejudice, for failure to state any claims upon which relief may be granted under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 15, 2009**            /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE